IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEONARD SUNDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>HSBC CARD SERVICE,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>1:10-CV-00484-TWT-GGB |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se*, commenced the underlying action in the Magistrate Court of Fulton County, Georgia, on January 22, 2010, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (Doc. 1.) Defendant HSBC Card Services, Inc., incorrectly named as HSBC Card Service ("HSBC"), removed the action to this Court on February 19, 2010. Id. On that same date, Defendant HSBC filed its Answer (Doc. 2) and Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 3). Defendant HSBC has since filed a unilateral Preliminary Report and Discovery Plan (Doc. 6), certificates of service of discovery requests propounded upon Plaintiff (Docs. 5 and 9), and two motions now pending before the Court (Docs. 11 and 12).

On March 24, 2010, the Court issued a Scheduling Order indicating that the deadline in which to complete discovery was July 19, 2010. (Doc. 7.) On July 12,

AO 72A
(Rev.8/82)

2010, HSBC filed its Motion to Extend Discovery Period (Doc. 11). Plaintiff did not file a response. On August 3, 2010, HSBC filed its Motion to Compel Discovery (Doc. 12), to which Plaintiff has not yet responded.

A review of the Court's docket reflects that Plaintiff has not filed any documents or responses, or otherwise made any appearance in this case. Both of HSBC's pending motions are based upon Plaintiff's lack of cooperation and participation in this action. Specifically, HSBC's Motion for Extension of Time to Complete Discovery (Doc. 11) requests a ninety-day extension of the discovery period due to Plaintiff's failure to respond to written discovery, correspondence, and phone calls. Plaintiff did not file a response to the motion. Similarly, HSBC's Motion to Compel Discovery (Doc. 12) is based upon Plaintiff's failure to respond to written discovery, correspondence, and phone calls, as well as his failure to appear for his noticed deposition on July 19, 2010. To date, Plaintiff has not filed a response to the motion.

Dismissal for want of prosecution operates as an adjudication upon the merits. LR 41.3B, NDGa; Fed. R. Civ. P. 41(b). To avoid a dismissal with prejudice for failure to prosecute, a case may not remain pending in this Court for more than six months "without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case." LR 41.3A(3), NDGa; see also Fed. R. Civ. P. 41(b). This case has been pending for six months without any action

by Plaintiff. Accordingly, I **RECOMMEND** that this action be **DISMISSED WITH PREJUDICE** for failure to prosecute.

The Clerk of the Court is **DIRECTED** to mail copies of this Report and Recommendation to Plaintiff at his address on record <u>and</u> to Plaintiff at 118 Hampstead Avenue, Savannah, Georgia 31405.

**IT IS SO RECOMMENDED**, this 13th day of August, 2010.

*/s/ Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE